*1833.*

*VAN TYNE*
*v.*
*BUNCE*

---

VAN TYNE *vs.* BUNCE and another.

---

A bill may be filed in this court upon a judgment which has been obtained for less than one hundred dollars provided the costs below have increased it above that sum. The words "exclusive of costs" in the statute mean the costs of the suit in this court.

---

THE bill in this cause was filed by a judgment creditor, to reach choses in action, after a return of *nulla bona* to a writ of *fieri facias* at law.

A plea was interposed by the defendants: wherein they alleged, that it was adjudged by the court of common pleas for the city and county of New York, on the default of the defen-

*April 15,*
*1833.*

*Jurisdiction.*
*Judgment Creditor.*

1883.

VAN TYNE
v.
BUNCE.

dant David Bunce, that the complainant should recover against the said David Bunce the sum of ninety-one dollars and twelve cents (and no more) for his damages by him sustained by reason of the non-performance of the promises and undertakings therein set forth ; and also the sum of eighteen dollars and eight cents for his costs and charges by him laid out and expended in and about his said suit in that behalf.

Mr. *D. Graham,* appeared in support of the plea.

Mr. *O. Gridley,* for the complainant.

*April 23.*

THE VICE-CHANCELLOR. This plea cannot be sustained. The words " exclusive of costs" in the statute, mean the costs of the suit in this court. When the costs in the action at law are joined to the judgment, they become a part of the debt or demand. They accrue to the plaintiff by virtue of the judgment, in consequence of the defendant's default in not paying or satisfying the original demand. Execution issues for the whole amount adjudged to the plaintiff; and if he is obliged to seek the aid of this court the amount of the judgment forms the matter in dispute, which, as well as the property of the defendant, must exceed one hundred dollars. This gives jurisdiction.

I think the legislature could not have intended to discriminate between the original debt or demand and the costs which are consequent upon it. The Chancellor must have considered there was no such discrimination when he made the 189th rule of the court : for, it requires the complainant to state true sum actually and equitably due on the judgment, over and above all claims by way of set off, and does not compel him to say it is to be exclusive of the costs of the judgment. This rule appears to me to determine the construction of the statute.

It has been said in argument, the cases referred to by Chancellor Kent, in *Moore* v. *Lyttle.* 4. *J. C. R.* 183. and in Lord *Bacon's Order (Beames' Orders* p. 10.) show, that the original

amount must be atleeast ten pounds, exclusive of the costs. It is true, that a party shall not be heard where he asks to be relieved from the payment of a demand which was originally beneath the dignity of the court and which his own default has suffered to increase by costs to a sum sufficient to bring it within the pale of the court : *Anonymous, Mos. 47.* In this case, in Mosely, an action had been brought for five pounds, which, by letting judgment go by default, was increased to fifteen pounds ; and the defendant then filed his bill and moved for an injunction. This was denied by the master of the rolls, because the sum was originally below the dignity of the court although by the neglect or mismanagement of the party it had accumulated to a sufficient amount. But such is not the case here. The complainant comes to enforce a demand which has increased—not by his own default—but by that of the defendant.

The case of *Gorden* v. *Ogden, 3. Peters, 34,* has been mentioned by the counsel for the complainant. But, I see nothing in it which directly bears upon the present case. It is true, the question of jurisdiction is there raised ; but the point upon which the writ of error was dismissed turned upon *the dif*-ference of practice where the plaintiff and not the defendant brings the writ of error. In the one case, the amount is taken from the sum in the declaration ; and in the other, from the face of the judgment. The "sum in controversy" is spoken of in the case of *Gorden* v. *Ogden,* but it is not analized and explained.

I must overrule the plea, with costs ; and the defendants have the usual time to answer.